[No. 6,966.—Department No. 2.]

## KOUTZ v. VANCLIEF.

PROMISSORY NOTE—RENEWAL—CONSTRUCTION OF CONTRACT.—The maker of a promissory note, dated November 3rd, 1872, indorsed thereon the following promise: "I hereby renew the within note, and promise to pay the same within two years from this date—the object being to prevent a bar within the next two years. P. Vanclief, October 18th, 1876." In an action brought upon the note, June 2nd, 1879, held, that the effect of the renewal was to extend the time of payment two years from its date, and that the action was therefore prematurely brought.

ID.—ASSIGNMENT—ADMINISTRATOR—NON-JOINDER OF PARTIES.—In the same action—the payee being deceased—it appeared that the plaintiff and his sister E. G. (of whom he held a power of attorney) were the sole heirs and distributees of the payee's estate, and that the administrator had assigned the note to the plaintiff. Held, that the plaintiff failed to prove that he was the sole owner of the note, and that E. G. should have been joined.

ID.—EVIDENCE—RECORD—JUDGMENT—DECREE OF PROBATE COURT—JURISDICTION.—Held, also, that the decree of distribution and the letters of administration were admissible in evidence, unaccompanied by the other parts of the record.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Tenth District Court, County of Colusa. KEYSER, J.

On the trial the plaintiff introduced in evidence the letters of administration, and the decree of distribution, in the matter of the estate of John Koutz, by the latter of which all the estate of the deceased was distributed to the plaintiff and Elizabeth Gelwicks, (brother and sister of deceased) as his sole heirs. The defendant's counsel objected to the former order, on the ground that there was no evidence of any petition for letters of administration ; and to the latter, on the ground that it did not appear that the Probate Court had any jurisdiction to make said decree, there being no evidence of the facts conferring jurisdiction in such case. The other facts are stated in the opinion.

*Wm. M. Stewart*, and *Wm. F. Herrin*, for Appellant.

The original note being barred, the plaintiff can only recover upon the new promise, and in accordance with the terms. The action was therefore prematurely brought. ( *Creighton* v. *Rosseau*, 1 Iowa, 133 ; *Reynolds* v. *Green*, 27 Ohio St. 417 ; Angell on Limitations, §§ 235–237 ; *Chabot* v. *Tucker*, 39 Cal. 438 ;

Code Civ. Proc. § 360; *McCormick* v. *Brown*, 36 Cal. 180; *Farrell* v. *Palmer*, 36 id. 188; *Waters* v. *Earl of Thanet*, 2 Gale & D. 166.) Elizabeth Gelwicks was equally interested with plaintiff, and should have been made a party.

The Court erred in admitting in evidence the letters of administration, and the decree of the Probate Court, without showing the jurisdiction of that Court. (*Harper* v. *Rowe*, 53 Cal. 283; 39 id. 653; 40 id. 249; 18 Abb. Pr. 349.)

*John T. Harrington,* and *Wm. G. Dyas,* for Respondent.

The administrator, by virtue of the decree of distribution, had the power to assign the note to the plaintiff, who held the power of attorney and was agent of his co-heir. Independently of this, the right of the administrator to assign choses in action exists at common law, and has not been affected by statute. (*Low* v. *Burrows,* 12 Cal. 181.)

The Probate Court being a court of record, it is presumed that all necessary preliminary steps were taken before the issue of letters, and the decree of distribution. (*Irwin* v. *Scriber,* 18 Cal. 500; 1 Greenl. Ev. § 550; *Barrett* v. *Carney,* 33 Cal. 541; *Foote* v. *Richmond,* 42 id. 440; *McCauley* v. *Fulton,* 44 id. 356; Code Civ. Proc. § 98.) It was not the intention of the indorsement that an extension of two years should thereby be given to the maker of the note, but only that the note should be kept alive for that period.

SHARPSTEIN, J.:

The first allegation of the complaint is, that on the 3rd day of November, 1872, the defendant made his promissory note in writing to John Koutz, and promised to pay him or order, six months after that date, $500, with interest at the rate of one per cent per month. The second is, that on the 18th day of October, 1876, defendant, in writing, admitted said indebtedness, and agreed to pay the same. The third is, that on the 1st day of February, 1873, the said John Koutz, at the request of defendant, laid out for his use the sum of $43.02, which he, on the 18th day of October, 1876, promised in writing to pay said John Koutz. These are followed by allegations of the death of

John Koutz, intestate, on the 25th of November, 1876, the is-suance of letters of administration to one John Ross, administration upon the estate of deceased, final settlement and distribution thereof, and that the plaintiff was entitled to receive the property of said estate, and did receive from said administrator said note and demand sued upon in this action. It is also alleged that on the 4th day of May, 1877, the defendant, in a writing, signed by him and addressed to the plaintiff, acknowledged said indebtedness, and that no part of said note or demand has been paid. The complaint is not verified, and the defendant denied all the allegations of it. On the trial the plaintiff introduced in evidence a note with indorsements on it, of which the following are copies :

" $500.                          November 3rd, 1872.

" Six months after date, without grace, I promise to pay to John Koutz, or order, the sum of five hundred dollars, payable in gold coin of the Government of the United States, for value received; with interest thereon at the rate of one per cent. per month from this date until paid.          P. Vanclief."

Indorsed as follows :

" I hereby renew the within note, and promise to pay the same within two years from this date. The object being to prevent a bar of the Statute of Limitations within the next two years.                          P. Vanclief."

" October, 18th, 1876.

And also indorsed as follows :

" Forest City, May 16th, 1877.

" P. Vanclief—Pay the within to W. P. Koutz, without recourse.                          John Ross,

" Administrator of the estate of John Koutz, deceased."

The following account and promise in writing was then introduced in evidence by the plaintiff :

" P. Vanclief to John Koutz, Dr.

" 1873—February 1st.—To cash for amount of taxes on A.

" M. Hill Q. M. Co.'s property paid at your request . . $43.02

" The above is correct, and I promise to pay the same.

" October 18th, 1876.                          P. Vanclief."

All the foregoing evidence was admitted against the objec-tions of the defendant, upon grounds which it is now unnecessary to notice in detail.

Our conclusion, however, is that the effect of the renewal of the note was to extend the time of payment two years from the date of said renewal, and that therefore the action was prematurely brought. We are also of the opinion, that the plaintiff failed to prove that he was the owner, or entitled to bring an action in his own name alone for the recovery of said alleged indebtedness due upon said note and account. If it should be thought necessary and advisable to bring another action upon said note and account, a joint action in his name, and that of the other heir and distributee of said estate, or an assignment by her to him, would obviate this objection.

We think that the record of proceedings of the Probate Court were properly admitted in evidence, and that they established the due administration and distribution of said estate.

Judgment and order denying a new trial reversed.

MYRICK J., and THORNTON, J., concurred.